IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

WELLS FARGO BANK, N.A., AS
TRUSTEE FOR THE REGISTERED
HOLDERS OF J.P. MORGAN CHASE
COMMERCIAL MORTGAGE
SECURITIES TRUST 2007-CIBC18
COMMERCIAL MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES
2007-CIBC18

CASE NO. 2:15-cv-02272-JPM-cgc

    Plaintiff,

v.

LOUISIANA INDUSTRIPLEX LLC, 2040
TOLEDO ROAD LLC, INDIANA CIRCLE
LLC, RIVERSIDE INDUSTRIAL LLC &
842 VIRGINIA RUN LLC,

    Defendants.

## REPORT AND RECOMMENDATION

Pursuant to the Order of Reference (D.E. # 77), the Undersigned conducted a Confirmation of Sale Hearing on November 4, 2016. Appearing in person was Nelwyn Inman on behalf of Plaintiff, and Nancy Daniels, David Wallace and Sara Caravello, all with Trigild, Inc. on behalf of the receiver.

In accordance with the Order Authorizing Sale of Real Property at Public Auction and Approving Sale and Bidding Procedures (the "Sale Order") (D.E. # 69) granting the Receiver's Motion to Authorize Sale of Real Property at Public Auction and Approve Sale and Bidding Procedures (D.E. # 64), upon consideration of the Receiver's Sale Report filed on November 3, 2016 (D.E. # 78) and argument of counsel and testimony of witnesses presented in open Court on November 4, 2016, the undersigned makes the following proposed findings of fact:

a. The Receiver followed all statutory requirements and procedures as set forth in the Sale Order to market and conduct an auction of the commercial properties located at 17 and 25 Riverside Industrial Park, Little Falls, New York (also known as 131 and 187 Riverside Industrial Park Drive, Little Falls, New York) (the "Sale Properties");

b. The Receiver, through real estate professionals engaged pursuant to the terms of the Sale Order, conducted an on-line auction of the Sale Properties during a 48-hour period which concluded on November 2, 2016, resulting in several bids being placed by Qualified Bidders (as defined in the Sale Order);

c. The highest and best bid was a credit bid in the amount of $850,000.00 placed by Plaintiff as authorized by the Sale Order (the "Winning Bid");

d. After giving all other Qualified Bidders an opportunity to exceed the Winning Bid, no other or further bids were placed and the auction was concluded;

e. Transfer of the Sale Properties to Plaintiff in consideration of the Winning Bid is in the best interest of the receivership estate,

Based on the foregoing, it is recommended as follows:

1. That the judicial sale of the Sale Properties be in all respects authorized and confirmed;

2. That the Receiver be directed to execute and tender such instruments and other documents in the name of the defendant as title owner of the Sale Properties as are customary and necessary to complete the transfer of good, marketable, and insurable title in the Sale Properties to Plaintiff or its designee as agreed by Plaintiff and Receiver but not later than December 31, 2016;

3. That the sale of the Sale Properties shall be free and clear of all liens and encumbrances;

4. That to ensure the avoidance of doubt, the sale of the Sale Properties authorized herein shall be of full force and effect, regardless of any of defendants' lack of good standing in any jurisdiction in which any such defendant is formed or authorized to transact business; and

5. That upon conveyance of the Sale Properties to Plaintiff pursuant to the court's order, the Order Appointing Receiver and Granting Injunctive Relief (D.E. # 23) entered on May 29, 2015 (the "Receiver Order") shall be deemed amended to revise the definition of "Collateral" to exclude the Sale Property when used in regard to the duties of the Receiver to operate and manage the same provided however that the Receiver shall continue to account for the income collected and expenses incurred in relation to the Sale Properties, until a final accounting and report of the same is made to the Court in accordance with paragraph 16 of the Receiver Order;

Signed this 7th day of November, 2016.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**